IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01018-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, JR.,
COLORADO DEPARTMENT OF CORRECTIONS,
ARISTEDES ZAVARAS,
ANTHONY A. DeCESARO,
PAMELA J. PLOUGH,
DAVE LINAM,
LINDA MAIFIELD,
MARK HOLLOWAY,
MIKE LEEWAYE,
ROBERT BLATNER,
"JANE" TOOMEY,
ALBERTUS GERTH, and
"JANE" HAND,

    Defendants.

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

    Plaintiff, Randy Kailey, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the prison facility in Sterling, Colorado. Mr. Kailey, acting *pro se*, filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On April 18, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Kailey to amend the Complaint and to show cause why he should not be denied leave to proceed pursuant to § 1915 because he is subject to filing restrictions under § 1915(g).

In the April 18 Order, Mr. Kailey was instructed to state specifically how he has been placed in imminent danger of serious physical injury. He also was directed to state how each named defendant participated in the alleged deprivations of his federal rights. On July 5, 2012, Mr. Kailey filed an Amended Complaint. For the reasons stated below, Mr. Kailey will be denied leave to proceed pursuant to § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As Magistrate Judge Boland noted in the Order to Show Cause, Mr. Kailey has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous or for failure to state a claim. *See Kailey v. Owens, et al.*, No. 11-cv-00144-LTB (D. Colo. June 23, 2011) (dismissed as frivolous); *Kailey v. Gallagher*, No. 94-cv-00500-LTB (D. Colo. June 22, 1994) (dismissed for failure to state a claim), *aff'd*, No. 94-1291 (10th Cir. Mar. 31, 1995) (unpublished), *cert. denied*, 516 U.S. 851 (1995); *Rather, et al., v. Romer, et al.*, No. 90-cv-00920-LTB (D. Colo. Aug. 28, 1990) (dismissed for failure to state a claim), *aff'd*, No. 90-1260 (Apr. 8, 1991).

Mr. Kailey argues that any causes of action that are dismissed while a person is unlawfully detained do not count as strikes under § 1915(g), relying on *Arvie v. Lastrapes*, 106 F.3d 1230, 1232 (5th Cir. 1997). The Court has reviewed *Arvie*.

2

Nothing in the *Arvie* opinion supports Mr. Kailey's argument. The Fifth Circuit did not address unlawful incarcerations and the invalidation of strikes due to an alleged unlawful incarceration.

Mr. Kailey was incarcerated when he filed each of the cases the Court identified as strikes under § 1915(g). His self-proclaimed illegal incarceration does not invalidate those strikes. Furthermore, the Court may count dismissals entered prior to the enactment of § 1915, *see Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996), which would include Mr. Kailey's cases that were initiated in 1990 and 1994.

The Court liberally construes Mr. Kailey's Complaint, accepting the allegations as true. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, Mr. Kailey's Complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

Mr. Kailey's claims pertain to events that took place no later than 2009. In the Answer to the Show Cause Order, Mr. Kailey only makes a vague and conclusory accusation of a violation of his constitutional rights by stating that he continues to be

threatened on a daily basis by state prisoners and other gang affiliated members and that sometime prior to May 22, 2012, he was subject to three unprovoked assaults. Mr. Kailey does not state with any specificity when the three unprovoked assaults happened and how he now is in imminent danger of serious physical injury. Mr. Kailey concedes that on June 6, 2012, he was removed from general population. Although he contends that at the time he was moved prison staff found a six-inch shank in his cellmate's possession, he does not assert that he was harmed or threatened by that cellmate. Mr. Kailey also does not assert that he is in imminent danger of serious physical injury where he currently is housed.

Because Mr. Kailey fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state a claim, his § 1915 Motion will be denied. If Mr. Kailey wishes to pursue his claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).

Even if Mr. Kailey pays the filing fee in full, a review of the merits of his claims is subject to 28 U.S.C. § 1915(e)(2) and the action may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 2, is denied. It is

FURTHER ORDERED that Mr. Kailey shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this

action. It is

FURTHER ORDERED that if Mr. Kailey fails to pay the entire $350.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this   12th   day of    July         , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court